## FLINT v. KNOX et al.
### No. 11541.

Court of Civil Appeals of Texas. Galveston.

June 24, 1943.

Rehearing Denied July 15, 1943.

Jo E. Shaw, of Houston, for appellant.

Renne Allred, Jr., of Austin, for appellee Knox.

Austin Y. Bryan, Jr., of Houston, for appellee J. L. (Roy) Newlin.

GRAVES, Justice.

Will G. Knox, receiver of and for Texas Underwriters, a reciprocal insurance company, earlier in 1941 instituted suit against George M. Flint alone. Flint, in turn, in July of 1941, cross-acted therein against J. L. (Roy) Newlin. The receiver thereafter, in September of 1942, also made Newlin a party to his suit; he alleged that Flint, as agent, had sold certain of the Company's policies to Newlin, and that net premiums amounting to $1,292.33 remained unpaid on such policies; that such amount had either been paid to Flint by Newlin and withheld from the Company by Flint, or, in the alternative, that the amount had not been paid by Newlin either to Flint or the Company, and sought judgment against the defendant, Newlin, in such amount as the court should determine remained due from Newlin, if any, and in the alternative, judgment against Flint for such amount as the.court should determine had been paid to Flint by Newlin and not remitted by Flint to the Company.

The defendant, Flint, answered by general denial, and that there remained unpaid by defendant, Newlin, on the Company account the sum of $755.02; and by way of cross-action against the defendant, Newlin, sought the additional sum of $594.16, representing the alleged balance due and owing to Flint by Newlin on certain policies of insurance issued by other companies and on other items.

The defendant, Newlin, denied owing any sum to either plaintiff insurance company or to Flint, his brief on appeal thus abstracting his full answer:

"1. Under oath Newlin denied that he owed Receiver Knox any sum of money whatsoever, contending that he had theretofore paid all of the premiums due on any policies of insurance purchased from agent. Flint.

"2. That Newlin dealt with agent Flint as agent of insurance companies, and purchased policies of insurance from such insurance companies through that agent and paid the premiums to that agent, and accordingly if such insurance companies, including Receiver Knox, did not receive their premiums, it is no fault of Newlin.

"3. Newlin plead the statute of limitation of two years against any claims by Receiver Knox."

The cause was tried before the court in the absence of a jury, resulting in judgment for plaintiff against the defendant, Flint, for the sum of $1,293.97, with interest and costs; denial of any recovery by plaintiff against defendant, Newlin; also denial of any recovery by Flint, as cross-plaintiff, against Newlin, as cross-defendant. Flint appeals.

Appellant presents but two points for a reversal, which are these:

"First.

"The judgment of the Court is not supported by a preponderance of the evidence.

"Second.

"Cross-defendant, Newlin, having admitted under oath and in response to cross-plaintiff, Flint's, cross-action, that after all off-sets and credits had been allowed, cross-defendant, Newlin, was indebted to cross-plaintiff, Flint, in the sum of $257.82, the Trial Court should have rendered judgment in favor of Flint, as cross-plaintiff, and against Newlin, as cross-defendant, for that sum, with interest from January 1, 1941, at six per cent (6%) and costs."

Neither of these contentions, it is determined, should be sustained in the state of the record presented to this court upon appeal.

As the rather full general statement has presaged, the trial court made this specific finding upon the facts of the whole cause adversely to the appellant on every claim he makes upon this appeal: "The Court is of the opinion, and so finds, that the plaintiff Will G. Knox, Receiver, is not entitled to recover against the defendant, J. L. (Roy) Newlin, and that the cross-plaintiff, George M. Flint, is not entitled to recover against the cross-defendant, J. L. (Roy) Newlin, and that the plaintiff Will G. Knox, Receiver, is entitled to recover of and from the defendant, George M. Flint, the sum of One Thousand Two Hundred Ninety-three & 97/100 ($1,293.97) Dollars."

■■■ The cause comes here upon a bulky statement of facts, but the record shows that no party below requested, nor did the trial court file, either findings of fact or conclusions of law separately from those so shown to have been included in the judgment itself.

Obviously, under our authorities, not only is every reasonable presumption to be indulged in the support of the judgment so rendered, but this appellate court is not required to go off on an extended fishing-expedition through such a statement of facts in search of evidence either to support a judgment so rendered, or to determine that none exists. 3 Tex.Jur., paragraph 379, page 540, footnote 5, and cited authority; 3 Tex.Jur., paragraph 747, page 1059; 3 Tex.Jur., paragraph 748, page 1061.

■■■ As concerns appellant's second point specifically, an examination of appellee Newlin's pleadings, in response to appellant's cross-action against him, fails to show that he therein confessed to owing appellant the sum of $257.82, or any other amount; on the contrary, he specifically denied, as the quoted abstract from his answer supra has shown, that he owed either its agent Flint or the insurance company any sum whatever, asserting that he had paid in full all claims to each of them, and then added an alternative plea to this specific effect:

"6. Alternative to all of the foregoing pleas and without waiver of them, and only in the event that the court find some sum due from appellee Newlin to insurance companies represented by agent Flint for premiums on insurance policies, in Paragraph XVI appellee Newlin alleged that the amount could not exceed, if any became legally payable, the sum of $257.82, and under this alternative plea confessed himself ready to pay up to that sum, if such were found against him."

As indicated above, the trial court, on presumptively sufficient supporting evidence, found no liability whatever on these claims against him.

As a method of pleading, that privilege of alternative allegation was proper. Rule No. 48, Texas Rules of Civil Procedure, Alternative Pleadings.

This court has no alternative than to affirm the trial court's judgment; it will be so ordered.

Affirmed.