The motion for a rehearing will therefore be overruled.

## REDBURN v. FRENCH.

### No. 11906.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 2, 1949.

Church & Church, of San Antonio, for appellant.

Grover C. Gilland, of San Antonio, for appellee.

NORVELL, Justice.

It appears from the trial judge's findings of fact that in 1946 the appellee, W. G. French, Jr., was a licensed *real estate sales-*man employed by the M. S. & Y. Realty Company, a partnership composed of real estate dealers. In May of said year the appellant, Max E. Redburn, informed French that he was attempting to locate property in San Antonio, Texas, suitable for use as a mortuary and agreed to pay French $2,000 if he would find an acceptable property which could be purchased. French located a suitable piece of property and it was purchased by Redburn.

A five per cent commission was paid by the seller and was divided into three equal parts. One part went to B. C. Davidson, a real estate dealer who had the property listed for sale; another part went to the firm of Jarman & Banspach, real estate dealers who represented Redburn, and the third part was paid over to French. French in turn divided his one-third with his employers, the M. S. & Y. Realty Company.

Shortly before the consummation of the sale of the property, B. C. Davidson objected to splitting the real estate commission three ways, and French agreed to divide with him the $2,000 "bonus" promised by Redburn, provided Davidson would go ahead with the deal and agree to a division of the commission. A written commitment was then secured from Redburn, which reads as follows:

> "San Antonio, Texas
> "June 12, 1946
> "It is hereby agreed that I, Max Redburn, party of the first part will pay to W. G. French, party of the second part, a bonus of $2,000.00 upon consummation of sale on Lot #10 - Blk 3 of the N. C. B. No. 446 of the City of San Antonio, Bexar Co., Texas.
> "Max E. Redburn
> "Party of the first part."

Redburn paid $200 on this $2,000 obligation, but refused to pay any further amounts.

The trial judge concluded, as a matter of law, that "the written instrument sued on may have been in violation of Section 20, Article 6573a, R.C.S.," but that "even though in violation of Section 20, Article 6573a, R.C.S., the written instrument sued on is enforcible." Judgment was rendered in French's favor for $1,800.

It is our opinion that the agreement sued upon can not be enforced by French, who was a real estate salesman and not a real estate dealer.

The Real Estate Dealers License Act, Article 6573a, Vernon's Ann.Civ.Stats., contains the following provisions:

Section 2, Subsection (a) 1. "The term 'Real Estate Dealer' shall include every person or company, other than a salesman, and licensed and registered attorneys, * * * who advertises, or holds itself, himself, or themselves out as engaged in the business of selling, exchanging, buying, renting, or leasing real estate, or assists or directs in the procuring of prospects, or the negotiation or closing of any transaction which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate, * * *."

Section 2, Subsection (b). "The term 'Real Estate Salesman' shall mean and include any person or company employed or engaged by or in behalf of a licensed real estate dealer to do or deal in any act, acts, or transactions set out and comprehended by the definition of a 'Real Estate Dealer' in Section 2, Subsection (a) of this Act."

Section 20. "It shall be unlawful for any real estate dealer or real estate salesman to offer, promise, allow, give, or pay directly or indirectly any part or share of his commission or compensation arising or accruing from any real estate transaction to any person who is not a licensed dealer or salesman in consideration of service performed or to be performed by such unlicensed person, *and no real estate salesman shall be employed by or accept compensation from any person other than the dealer under whom he is at the time licensed,* and it shall be unlawful for any licensed real estate salesman to pay a commission to any person except through the dealer under whom he is at the time licensed." (Italics ours.)

In Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585, it was held that the real estate business was affected with the public interest and that the regulation thereof was within the police power of the State. It was also held that no recovery could be had upon an agreement proscribed by Article 6573a, § 20.

The trial judge in the present case found that although the sum which Redburn agreed to pay to French "was termed a 'bonus' in the written instrument, it was, in fact, nothing more than a promise to pay for services to be rendered." Under the terms of the Act, French as a real estate salesman could not legally enforce his claim for compensation against Redburn, who was not a real estate dealer.

In this case the contract made the basis of the suit is contrary to the statute. In this, the situation differs from that disclosed in the report of Volkmann v. Wortham, Tex.Civ.App., 189 S.W.2d 776, 777.

The judgment appealed from is reversed and judgment here rendered that appellee take nothing.