## DOLAN v. DRESCHER et al.
### No. 12420.

Court of Civil Appeals of Texas.
San Antonio.

June 25, 1952.

Rehearing Denied Sept. 3, 1952.

———◇———

Allen Wood, Gilbert J. McGloin, Corpus Christi, for appellant.

Farrell D. Smith, T. H. Burruss, Corpus Christi, for appellees.

POPE, Justice.

Appellant, Odem Dolan has appealed from an order dismissing his suit after the court sustained exceptions to his pleadings and he refused to amend. The suit concerns an interpretation of Sections 13 and 20 of Article 6573a, Vernon's Ann.Civ. Stats., known as the Real Estate Dealers License Act.

Appellant, Dolan, sued A. J. Drescher, C. A. Eggleston and the escrow agent for a land sale, for one-half of a $7,125 commission on the sale of a farm. Appellant alleged that on July 1, 1950, he obtained an oral listing for a farm owned by C. A. Eggleston. On November 1, 1950, he and appellee A. J. Drescher agreed to divide the commission earned on the sale of the farm equally between them, provided Drescher would make the sale. The petition alleged further that Drescher sold the property on October 5, 1951, at which time the contract of sale and the earnest money were placed in escrow with the Guaranty Title and Trust Company. Drescher during the entire time of these transactions was a licensed real estate dealer. Dolan, on the other hand, permitted his license to lapse in 1948, and at the time of the oral listing, at the time of his agreement with Drescher, during the time of the negotiations leading up to the sale, and on the date of the sale's agreement, October 5, 1951, he did not have a license to deal in real estate. On October 10, 1951, Dolan obtained a license, and he claims one-half of the commission by reason of his being licensed before the actual delivery of the deed closing the sale on December 28,1951.

On this state of facts, the court correctly sustained an exception to the plaintiff's pleadings, since they affirmatively showed that plaintiff had no license and was deprived of any claim by force of Sections 13 and 20 of the Real Estate Dealers License Law. Section 13 forbids court actions for the collection of compensation for the performance of any of the acts mentioned in Section 2, Subdivision (a) of the Act, unless there is allegation and proof that the person or company suing was a duly licensed real estate dealer or salesman at the time the alleged action arose. While it was necessary that the plaintiff have a license when the commission was earned, the fact that he had it on the closing date, but not during any of the steps leading up to the actual closing, was not enough. As stated in Furman v. Keith, Tex.Civ.App., 226 S.W.2d 218, 219, by this Court: "The time he needed a real estate dealer's license was the time when the services were performed and the commission earned, and this was in the year 1943 when appellee was not a licensed real estate dealer." Accord, Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585; See Note, 169 A.L.R. 777. Section 13 of the Act refers to Section 2(a) for a state-

ment of the acts that require a license. Among those acts mentioned, insofar as they relate to a dealer, are included assistance in procuring prospects and also the negotiation or closing of any transaction which does or is calculated to result in the sale, exchange, leasing or renting of any real estate. The wording of the Texas Act prohibits recovery for functioning as a dealer without a license. Section 20 of the Act prohibits a dealer from dividing commissions with unlicensed persons.

The judgment is affirmed.