however, several more recent decisions of this Court on the question.

■ Bill of exception No. 2 contains the following certificate of the trial judge:

"The court erred in overruling the defendant's motion of 'Not Guilty', because the evidence on the part of the State is insufficient to convict the defendant as charged * * *."

In McGee v. State, 155 Tex.Cr.R. 639, 238 S.W.2d 707, 715, we said:

"In addition, we are not bound by any certificate of the court where we have the entire matter complained of before us in the bill. See the more recent cases cited in Texas Digest, Criminal Law, ☞1111(4)."

This holding was followed in Watkins v. State, Tex.Cr.App., 239 S.W.2d 107, in Mayberry v. State, Tex.Cr.App., 239 S.W. 2d 111, in McCune v. State, Tex.Cr.App., 240 S.W.2d 305, and in Hudson v. State, Tex.Cr.App., 245 S.W.2d 259.

In the very recent case of Sublett v. State, Tex.Cr.App., 258 S.W.2d 336, 338, we said:

"We will be bound only by certificates from the trial court as to facts. The question was asked. This fact is certified in the bill and is binding on this Court. The trial judge's conclusion as to the 'resulting implication'. is not binding on this Court. The facts are before us as they were before the trial judge. We alone reserve the right to pass upon what effect those facts had upon the trial of the accused."

■ In the case at bar, the statement of facts which is before us clearly shows appellant's guilt. We will not be bound by a conclusion of the trial court to the contrary.

Appellant urges that error is presented by the action of the trial court in overruling his motion to quash the jury panel. We observe that there is no allegation or proof that the trial court intentionally or arbitrarily declined to follow the procedure outlined in Article 2109, Vernon's Ann.C.S. The cases cited by appellant are therefore not controlling, and we think Article 2108 authorizes the action of the trial court in the instant case.

In Ashlock v. State, 129 Tex.Cr.App. 425, 88 S.W.2d 703, 705, we said:

"In the absence of a showing that none of the contingencies existed which authorized the court to appoint a jury commission, the presumption prevails that the court acted in accordance with the express provisions of the statute, hence no reversible error is shown."

■■ Appellant has filed in this Court a motion to strike the statement of facts, alleging that the same was not presented to him for approval. We observe that it was incumbent upon the appellant to secure the filing and approval of a statement of facts. He has made no showing in this Court that the statement of facts on file herein is incorrect in any material respect or that he had agreed with the prosecuting attorney to a statement of facts contrary thereto.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled, and no further motion for rehearing will be entertained.

**WILLIAMS et al. v. UNION PRO-DUCING CO. et al.**

**No. 12575.**

Court of Civil Appeals of Texas.
Galveston.

June 4, 1953.

Rehearing Denied June 25, 1953.

Frank Webb; Garwood & Garwood and Calvin B. Garwood, Jr., Houston, for appellants.

Vinson, Elkins, Weems & Searls, Thomas Fletcher and Earl A. Brown, Jr., all of Houston, for appellees.

GRAVES, Justice.

This appeal by James P. Williams and J. W. Fabriguze, as appellants, against Union Producing Company, a private corporation, as appellee, is from a judgment of the 130th District Court of Matagorda County, Hon. G. P. Hardy Jr., judge, sitting without a jury, to this abbreviated effect:

Cancelling as a cloud upon the title of the appellee to a 9,507 acre tract of land it held under a mineral lease thereof in Matagorda County, which cloud the court held had been created and caused by the filing of an affidavit in the deed records of Matagorda County, where the appellee's lease was also recorded, by the appellants herein, in which they claimed a commission of some $3 per acre of such leasehold tract as a commission for their having allegedly procured such lease of the land to the appellee, as brokers for it.

The court filed neither findings-of-fact nor conclusions-of-law in support of its judgment, nor were any of either sort requested by either party to the cause.

In this Court appellants' points of error are these:

"I. The trial Court erred in rendering judgment for Appellee, since the evidence shows that Appellee Union Producing Company and Arthur G. Baer conspired to defraud Appellants of their commission.

"II. The trial Court erred in holding that Appellants (cross-plaintiffs below) were not entitled to a commission, since Articles 3995a and 6573a, Vernon's Texas Civil Statutes, are not applicable to this case.

"III. The Appellants alleged and proved a measure of damages upon which recovery can be based."

To such appeal, the appellee replies with these counter-points:

"First. The final judgment entered by the trial court in this action is supported by the evidence and such judgment, being based upon the facts determined by the trial court, is not subject to attack in this Court (Germane to Point 1 of Appellants).

"Second. The recovery of a broker's commission, as was sought by Appellants in cross action filed herein, is foreclosed under the laws of the State of Texas and the facts adduced on trial hereof (Germane to Point 2 of Appellants).

"Third. The final judgment entered by the trial court in this action must be sustained because Appellants failed to prove a measure of damages upon which any recovery could be based (Germane to Point 3 of Appellants)."

This Court is constrained to hold that the face of the extended record brought here discloses that there was amply sufficient evidence to require this Court to affirm the judgment so rendered below. Flint v. Knox, Tex.Civ.App., Galveston, 1943, 173 S.W.2d 214 (on R.W.M.); Texas Civil Practice by McDonald, Vol. 4, pages 1302 and 1303.

The appellee corporation, as plaintiff, had filed this suit in such district court of Matagorda County, against the appellants as defendants, in the form of an action to remove a cloud from its claimed title to the land covered in that county by its lease there upon such 9,507 acre tract of land; it alleged, specifically, that the claimed

cloud on its title to such land had been caused by the filing in the deed records of Matagorda County of an affidavit made by the appellants here, in which they claimed a commission from the parties to such oil lease—that is, the owner of the land, Arthur G. Baer, as lessor, and this appellee, Union Producing Company, as lessee.

The undisputed testimony—including that of both the appellants—was that they were not real estate brokers and did not have or claim to have ever had a license to act as such brokers under the provisions of our Real Estate laws, to-wit these: Articles 3995, 3995a, 6573a, Sec. 22, V.A.T.S.

In the recently developed state of our Real Estate laws, especially under the Supreme Court's construction of them, in Breeding v. Anderson, 254 S.W.2d 377, it was held that the cause so pleaded and proved by the appellants has been authoritatively determined against them; in other words, irrespective of their pled and testified-to claim that the lessor, Arthur G. Baer, and the lessee, Union Producing Company, therein, conspired to defraud appellants of their commission they claimed they had earned for the procuring of such lease between those parties thereto, their admitted failure to have real estate licenses, under the cited statutes, left them without the "wedding garment" necessary to recover.

As this Court sees it, the conclusiveness of the Supreme Court's holding in the Breeding v. Anderson case, which was likewise based upon the same kind of conspiracy as that appellants here so alleged and testified to, concludes the controversy against them; wherefore, it becomes unnecessary to pursue the question as to whether or not there was a conspiracy—as so alleged—that might have—in other circumstances—given them a right of action. Delz v. Winfree, 80 Tex. 400, 16 S.W. 111.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

MONTEITH, C. J., not sitting.