T. V. JOHNSON, Individually and as next friend of Gordon W. Behringer, a Minor, Appellants,

v.

Herschel E. JOHNSON, Appellee.

No. 6376.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1954.

Rehearing Denied March 22, 1954.

Odell & Brann, Lubbock, for appellants.

Nelson & McCleskey, Lubbock, for appellee.

PITTS, Chief Justice.

Appellant, T. V. Johnson, individually and as next friend of Gordon W. Behringer, a minor, filed suit against appellee, Herschel E. Johnson, for the sum of $3,757.50 as one-half of the alleged net proceeds of a cotton crop raised on a certain leased 80-acre tract of irrigated farm land situated in Lubbock County for the year 1951 as a result of an alleged oral joint venture to

equally share the expenses and labor of planting, cultivating and harvesting the said crop. Appellants further alleged, in effect, that in pursuance of the oral agreement the parties jointly rented the land, provided machinery and prepared the land for planting but due to misunderstandings of some nature between the parties on or about June 1, 1951, appellants did not participate further in the joint venture. On October 15, 1951, as a result of a satisfactory showing made to the trial court by pleadings duly filed by appellants, a temporary restraining order was issued restraining appellee from selling, removing or encumbering the cotton crop in question or the proceeds therefrom until a further hearing could be had on October 20, 1951. A further hearing of some nature was held on the said date as a result of which injunctive relief was denied and appellee was directed to harvest and sell the cotton crop, deposit the proceeds in a designated bank, keep an accurate record of all expenses incurred and file an itemized sworn account of all receipts and expenses incurred. In compliance with such order an account was filed by appellee with the clerk of the trial court on February 22, 1952. However, prior thereto appellee on January 26, 1952, answered and joined issues with appellants on their alleged grounds for recovery. Thereafter on September 4, 1952, appellee filed his motion to dismiss the suit on the alleged grounds that the controversy had been settled by mutual written agreement of the parties for an arbitration which was accordingly conducted and appellants were denied any recovery as a result of the arbitration. Appellants joined issues with appellee on the motion which was overruled by order of the trial court on November 5, 1952, with appellee reserving his exceptions to such an order.

On June 8, 1953, the case went to trial before a different trial judge to the one who had conducted the previous hearings, together with a jury on amended pleadings filed by appellants on January 20, 1953, and an answer and cross action thereto filed by appellee on February 11, 1953. In his cross action appellee sought as against T. V. Johnson only such sum in any event as he may be required to pay to the minor. After appellants put on their proof in the trial and rested, appellee moved for a peremptory instruction for reasons therein stated which motion the trial court announced would be considered together with further procedure. Thereupon, appellee rested, appellants closed and appellee closed. Appellants presented a motion for a peremptory instruction and the same was by the trial court overruled. Appellee again presented his same motion for peremptory instruction urging that appellants take nothing because of their failure to establish, or to raise any material issue, to the effect that any crops were grown on the land in question or harvested therefrom for the said year of 1951 and that no evidence was introduced by appellants to show either the gross or net proceeds, if any there be, from any crops grown on the said land for the said year and therefore no evidence was produced by which a jury could possibly find for appellants in support of their claims of one-half of the net proceeds of a cotton crop grown on the said land for the said year. Appellee's said motion was sustained by the trial court, the jury was so instructed and judgment was accordingly rendered upon such instructed verdict denying appellants any recovery from which judgment appellants perfected their appeal. It may be further observed that as a result of admissions made in open court during the trial, the suit of T. V. Johnson individually as against appellee was dismissed with prejudice, leaving him in the suit only as next friend of the minor, and as cross-defendant.

The controlling question to be here determined is whether or not appellants produced any evidence of probative force which raised the necessary material issues in support of their claims of a right to recover one-half of all net proceeds from a cotton crop grown on the land in question for the said year of 1951. It is an elementary rule of law that a plaintiff must establish by a preponderance of the evidence the material issues pleaded as a basis for recovery. In the case at bar the burden

of proof was upon appellants to establish by a preponderance of the evidence that a cotton crop was grown and harvested on the land in question for the said year in accordance with the terms of the alleged oral contract between them and appellee and that appellee, in violation of the terms of the said oral contract, took possession of the proceeds from the sale of the said crop and refused to pay to appellants one-half of the net proceeds therefrom as pleaded by them. If there was no evidence presented, when all of the evidence heard was given the most favorable consideration possible, to establish the said alleged facts pleaded by appellants or to raise the necessary issues at least in support of such alleged material facts as grounds for recovery, then appellants failed to meet their burden of proof and the trial court was justified in sustaining appellee's motion for peremptory instruction and entering a judgment denying appellants any recovery.

An examination of the statement of facts reveals that T. V. Johnson and the minor, Gordon Wayne Behringer, testified concerning the joint efforts and expenses of them and appellee in preparing the said land for a crop but according to their testimony they both ceased their part of the operations in May of 1951, and had nothing further to do with the cultivation or gathering of a crop. Appellants presented two witnesses who were head bookkeepers, respectively, for two separate local gins and who testified concerning some cotton appellee had them gin during the fall season of 1951 and that at least some of the said cotton was sold to them by appellee but no testimony was there given by either of said witnesses or any one else as to the origin of the said cotton, where it came from or where it was grown. There is no evidence revealing that a crop of any kind was grown on the 80-acre tract of land in question for the said year of 1951 or that a crop was harvested therefrom for the said year. There is no evidence revealing the expenditure of any money used for growing or harvesting a crop on the said tract of land other than the joint expenditure made by the parties prior to the latter part of May or to June 1, 1951, in preparation for a crop. There is no evidence even tending to show either the gross or net proceeds, if any there may have been, from a crop grown on the land in question for the said year. Although no mention was made of the matter in their motion for a new trial in the trial court, appellants seek here to rely in part at least upon the verified report or account filed by appellee on February 22, 1952, under the order of the trial court. However, such a report was never introduced in evidence, although it was available and could have been introduced as evidence. In their amended pleadings upon which appellants went to trial, they alleged that the said report or account was false and sought to have appellee file a correct account. By such a pleading it must be presumed that appellants denied and repudiated the account or report filed, disregarded it, in effect, and prayed for the return of a correct report, which pleading amounts to an abandonment of the said report in any event. All of the amended pleadings upon which the parties went to trial were filed almost a year subsequently to the filing of the said report or account by appellee, yet the same was not made a part of any of the current pleadings. Such a report is not a part of the evidence or any pleading filed. If it can be considered as a pleading within itself, it was an involuntary pleading filed under the order of the court and it did not support the amount claimed by appellants. For the reasons stated it is likewise an abandoned pleading, denied by appellants and superseded by amended pleadings and it is not therefore a judicial admission, although it could have been "introduced in evidence as an admission." Hughes v. Fort Worth Nat. Bank, Tex.Civ.App., 164 S.W.2d 231, 232, writ refused. Assuming that appellants as plaintiffs had pleaded the report or account filed by appellee and had relied on it, an involuntary admission made by defendant (appellee herein) by order of the court followed by a pleading by appellee inconsistent with the terms thereof, or by a general denial as was done by appellee in the case at bar, does not

relieve the plaintiffs of the burden of proving such alleged facts relied on by them. Houston, E. & W. T. R. Co. v. De Walt, 96 Tex. 121, 70 S.W. 531, and Flint v. Knox, Tex.Civ.App., 173 S.W.2d 214. A defendant has a right to plead inconsistent defenses. If he denies or otherwise puts in issue a fact and in another part of his pleadings he·alleges the existence of such a fact, the pleadings cannot be taken as an admission of such fact.

 According to the record, appellee was present at the trial and could have been called by appellants as an adverse witness in their attempt to prove any material facts they sought to establish in support of their claims without being bound by any of his testimony that may have been adverse to their claims and appellants were apprised of the contents of appellee's motion for an instructed verdict and the grounds therefor after they rested but before the evidence closed, but they elected to stand on the record as made and tendered their own motion for an instructed verdict. They contend here that they proved their allegations and their motion should have been sustained, but the evidence does not support their claims. According to the record a division of the net profits was conditioned upon the raising of a cotton crop on the particular land in question in a joint venture. The burden was upon appellants to establish, or at least to raise an issue, that such a crop was so raised. In the absence of such a showing certainly there could be no showing of net profits therefrom. At most the evidence produced by appellants did no more than raise a mere surmise or suspicion of the possible existence of ultimate essential fact elements relied upon by them for recovery and such does not meet the requirements of the law. Perren v. Baker Hotel of Dallas, Tex.Civ.App., 228 S.W. 2d 311, and other authorities there cited. There being no evidence of probative force, when viewed in a light most favorable to appellants' claims, raising the material issues pleaded by appellants as a basis for recovery, the trial court was justified in sustaining appellee's motion for a peremptory instruction and denying appellants any

recovery, since no other verdict and judgment could have been rendered. Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725. Appellants' points to the contrary are all overruled and the judgment of the trial court is affirmed.