**Mike JUSTICE dba Mike Justice and Associates, Appellant,**

v.

**Billy M. WILLARD et al., Appellees.**

No. 8644.

Court of Civil Appeals of Texas, Amarillo.

June 14, 1976.

**652**

Stokes, Carnahan & Fields, Ben L. Sturgeon, Amarillo, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, Michael C. Musick, Amarillo, for appellees.

ELLIS, Chief Justice.

Mike Justice, dba Mike Justice and Associates, plaintiff-appellant, brings this appeal from a summary judgment rendered in favor of Billy M. Willard, First National Bank of Borger, Borger, Texas, and John Morrison, defendants-appellees, which decreed that the plaintiff take nothing in his suit seeking recovery against the defendants under a letter agreement providing for the payment of real estate commission to Justice by the Bank and Willard, after deducting therefrom, along with other items, certain attorney's fees paid to Morrison. The summary judgment is affirmed.

A chronology of events which preceded the filing of this suit on October 24, 1973, reveals that in April, 1970, appellee Willard contracted with a seller to purchase approx-

imately 15,000 acres of ranch land. In January, 1973, Willard contracted to convey his rights under the contract of purchase and sale to appellee First National Bank. A letter memorandum dated April 17, 1973, addressed to Mike Justice, was signed by the president of appellee Bank, appellee Willard and the appellant Mike Justice evidencing their "entire agreement . . . concerning . . . the commission which may become payable to you [Mike Justice] for services rendered in connection with the contract between . . ." the original seller of the ranch land, the Bank, Willard and the ultimate purchasers of the land. The agreement provided that upon consummation of the land transaction the Bank and Willard ". . . will pay to you [Mike Justice] . . . out of the proceeds received . . . from the sale . . ." $37,800, less certain enumerated deductions, one of which was an attorney's fee in a then undetermined sum to be paid to Morrison and Cross, attorneys representing Mike Justice and the Bank, for work done and yet to be done by them relating to the real estate transaction. The agreement further provided that the payment of such commission would constitute payment ". . . to you, and/or to Justice & Co., of any and all compensation . . . which you and/or Justice & Co. are entitled to receive . . ." pertaining to the land transaction. It appears that "Justice & Co." refers to a business operated by Virgil W. Justice, a licensed real estate broker, who was an uncle of the appellant.

The appellant alleged that after consummation of the sale, he received a memorandum from the president of appellee Bank setting forth deductions from the realtor's fees, which, among other deductions, included an attorney's fee of $18,700 paid by the Bank to Morrison. The Bank then transferred to the appellant the amount remaining after subtracting the various deductions.

■ Basic to a decision in this suit is the matter of applicability of portions of the Real Estate License Act, sometimes referred to hereinafter as the Act, Tex.Rev. Civ.Stat.Ann. art. 6573a (1967), which was in effect at the time this cause of action arose. The purpose of the Act is to regulate the practices of those engaged in the business of selling real estate for compensation and to eliminate or reduce fraud in the interest of the public. See *Hall v. Hard,* 160 Tex. 565, 335 S.W.2d 584 (1960); *Gill v. Smith,* 233 S.W.2d 223 (Tex.Civ.App.—Galveston 1950, writ ref'd n. r. e.). Section 19 of the Act is captioned "License prerequisite to suit for compensation," and provides in part:

No person or company may bring or maintain any action for the collection of compensation for the performance in this State of any of the acts set out in subdivision (1) of Section 4 hereof [defining the term "Real Estate Broker"] without alleging and proving that the person or company performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced . . . .

Section 26, captioned "Unlawful commission," provides in part:

. . . [N]o Real Estates Salesman shall be employed by or accept compensation from any person other than the Broker under whom he is at the time licensed . . . .

The Motion for Summary Judgment filed by the defendants and granted by the trial court alleged, in substance, that as a matter of law: (1) the plaintiff's suit was one for the recovery of real estate commissions; (2) the only writing evidencing such agreement for commissions was the letter agreement dated April 17, 1973; (3) at all times during and throughout the real estate transactions in question, the plaintiff was licensed only as a real estate salesman in the State of Texas; and (4) the plaintiff received and accepted commissions from the defendants. The defendants further asserted that upon the foregoing undisputed facts, as a matter of law, they were entitled to a take-nothing judgment and that there was no genuine issue as to any material fact.

In response to the defendants' motion for summary judgment, the plaintiff asserted that his cause of action was not a suit to

recover a real estate commission, but rather a suit "to recover an unreasonable attorney's fee wrongfully paid by a fiduciary" under a commission agreement amounting to conversion and "that the balance of the contentions and facts" contained in the defendants' motion for summary judgment numbered as 1–4 above, were immaterial. Responding alternatively, the plaintiff contended that: (1) he "undertook to provide the services of [a] real estate salesman in the name of Justice and Company duly licensed under Virgil W. Justice, a broker"; (2) the commission paid "was for [the] services of Justice and Company under the license of Virgil W. Justice, a duly licensed real estate broker"; (3) such services were accepted by the defendants and payment was made by the defendants to the plaintiff as agent for Justice & Co.; (4) the defendants waived any complaint as to legality of the contract; (5) the defendants are not proper parties to claim the benefit of the Real Estate License Act; and (6) the plaintiff complied with the provisions of the Real Estate License Act.

The judgment of the trial court was based upon the pleadings (and exhibits attached thereto), the depositions, the answers of the plaintiff in response to the defendants' written interrogatories, and opposing affidavits of the plaintiff. The appellant attacks the judgment in seven points of error. They relate, primarily, to the nature of the cause of action, the appellant's standing to sue, and the requirements of the Real Estate License Act.

█ In his first two points of error the appellant contends that the trial court erred in holding that this suit was one for recovery of a real estate commission rather than a suit to recover the improper payment of an unreasonable attorney's fee. His Third Amendment Original Petition included allegations of fraud, conversion, breach of fiduciary relationship, and alternatively, excessive attorneys fees wrongfully paid.

From a review of the pleadings, we conclude that any recovery to which the appellant may be entitled must be based upon his legal right to receive a real estate commis-

sion. Under any of the theories advanced by the appellant, he must first establish his rights to funds allegedly converted, held in constructive trust, or out of which the alleged excessive attorney's fee was paid. The attorney's fee paid to Morrison by the Bank was deducted from the sum designated as real estate commission as provided in the April 17 letter agreement. In effect, the appellant asserts that one holding funds (commission) as his agent wrongfully paid a part of those funds to Morrison as attorney's fees. His right to recover in any amount is dependent upon his right to recover commission under the appropriate provisions of the Real Estate License Act. See *Breeding v. Anderson*, 152 Tex. 92, 254 S.W.2d 377 (1953). Under Section 19, he must be licensed; he was licensed as a salesman, but not as a broker, at the time of this transaction. Under Section 26, he, as a salesman, was prohibited from accepting a commission from any person other than the broker under whom he was licensed.

The net result of a recovery of all or part of the money paid by the Bank to Morrison as attorney's fees out of the particular funds in question would be a recovery of real estate commission by the appellant from one who was not the broker under whom the appellant was licensed. We find no error in the granting of the defendants' motion for summary judgment on the basis that as a matter of law the plaintiff's suit was primarily an action to recover real estate commission referable to the appropriate provisions of the Real Estate License Act, rather than an action to recover an unreasonable attorney's fee. Points 1 and 2 are overruled.

By his point number 3, the appellant challenges the court's holding as a matter of law that there was not a genuine issue of a material fact as to whether the appellant contracted in his own behalf for a real estate commission in violation of the Real Estate License Act. The appellant states in his brief that the trial court, in effect, concluded that the suit was for the recovery of a real estate commission by one who was

licensed not as a real estate broker but as a real estate salesman at the time the cause of action arose. The appellant contends that the appellees, as the movants under Tex.R.Civ.P. 166–A, failed to discharge their summary judgment burden of proof. As support for his contention appellant relies upon his response to the defendants' motion for summary judgment and the affidavits accompanying it. The appellant contends that the services he rendered were performed and the commissions he received were paid under a duly licensed real estate broker doing business under the name of Justice & Co.

The appellant's deposition testimony discloses that he operated a Dalhart, Texas, real estate office with none of the income from that office going to Virgil Justice, the licensed broker, who operated a real estate office in Hereford (formerly in Dimmitt), Texas. Whatever the Dalhart operation earned, the appellant kept as his own, and whatever the Hereford operation earned Virgil Justice retained as his own. There was no agreement for division of income between the appellant and Virgil Justice. However, the record reflects that there was an agreement for division of commission on this transaction between Mike Justice and Richard Culberson, who also worked out of the Dalhart office. Culberson stated in his deposition ". . . I was . . . the salesman under Mike Justice. . . ." His testimony indicated that he regarded Mike Justice as a broker, although it was undisputed that at the time of this transaction, Mike Justice was not licensed as a broker.

Neither Virgil W. Justice nor Justice & Co. is a party to this action. The suit was brought by Mike Justice, doing business as *Mike Justice and Associates*. Although the appellant's affidavit stated that the payment of the commission was made under the license of Virgil Justice, it is significant that Mike Justice did not bring the suit for and in behalf of the licensed broker; he brought it for himself.

■ In his Third Amended Original Petition, an unsworn pleading signed by counsel for appellant, it was alleged that the appellant was the lawful owner and holder of all rights, title and interest arising from the contract of sale and the letter agreement. In such pleading, in a paragraph captioned "Pre-Judgment Interest," it was alleged that the Bank and Morrison retained funds rightfully belonging to Justice & Co., the right, title, and interest to which were assigned to the appellant. It is recognized that pleadings, even if sworn, are not regarded as summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). The appellees' motion for summary judgment was supported by proof that the only writing evidencing an agreement to pay a real estate commission was addressed to and signed by the appellant. Neither the affidavits of the appellant and Virgil Justice nor the depositions mention or refer to any assignment of commissions by Virgil Justice, the broker, to the appellant.

■ The summary judgment proof, giving the appellant every reasonable intendment deducible therefrom, does not serve to raise a genuine issue as to the material fact whether Justice & Co. assigned commission rights to the appellant. The payment was made to Mike Justice, not a broker, but a salesman, directly from the owners of the rights in and to the real estate and not by a broker to the salesman. Further, the appellant admitted in his deposition testimony that Virgil Justice, the licensed broker, had no pecuniary interest in the real estate commission to be derived from the transaction. Thus, Virgil Justice had no interest to assign.

The appellant cites Section 19 of the Act and *Hall v. Hard*, supra, as support for his contention that he has standing to maintain a suit to collect a real estate commission. A basic issue in *Hall* was whether the transaction was, indeed, a real estate sale, and thus, whether the Act was applicable. The court there held that the evidence raised a fact issue as to whether the sale involved real estate, and remanded the cause to the trial court because it had erroneously rendered judgment non obstante veredicto. It

is our opinion that such holding in *Hall* is not controlling here.

■ Section 19 of the Act provides, generally, that only licensed persons may bring suit for the collection of real estate commissions. Although the appellant was licensed as a real estate salesman, Section 26 permits the acceptance of commissions by a real estate salesman only from a broker under whom he is at the time licensed. In *Redburn v. French*, 216 S.W.2d 284 (Tex. Civ.App.—San Antonio 1949, no writ), it was held that one who was a real estate dealer (broker under the 1967 amended statute) could not legally enforce his claim for compensation against one who was not a real estate dealer (broker). The court in *Redburn*, citing *Gregory v. Roedenbeck*, 141 Tex. 543, 174 S.W.2d 585 (1943), recognized that no recovery could be had upon an agreement proscribed by Section 20 (Section 26 under the 1967 amended statute). It is our opinion that under the above cited authorities, the appellant in the instant case, not licensed as a broker at the time of the transaction, failed to overcome the specific provision of Section 26 which prohibits the acceptance of commission by a real estate salesman from anyone ". . . other than the Broker under whom he is at the time licensed . . . ." Further, that the appellant had a valid real estate broker's license at the time this suit was brought does not satisfy the licensing requirement. He must have had the license at the time the cause of action arose, i. e., when the commission was earned. *Furman v. Keith*, 226 S.W.2d 218 (Tex.Civ.App.—San Antonio 1949, writ ref'd); *Dolan v. Drescher*, 250 S.W.2d 915 (Tex.Civ.App.—San Antonio 1952, writ ref'd n. r. e.).

In his fourth point of error, the appellant contends that the trial court erred in holding as a matter of law that he did not have legal standing to maintain this action for the recovery of an unauthorized payment of an unreasonable attorney's fee. We have held under the appellant's first two points that this suit is one for the recovery of a real estate commission, not a suit for the recovery of attorney's fees wrongfully paid.

To determine the appellant's standing to sue for the recovery of a real estate commission, we must look to appropriate provisions of the Real Estate License Act.

■ Also, under points 3 and 4, the appellant argues at length that the defense of non-compliance with the Act is not available to appellee Morrison for the reason that Morrison could not have been called upon to pay a commission. The appellant further contends that Morrison is estopped to assert a defense that may be available to an owner or party to a contract calling for the payment of a commission and that Morrison should not be permitted to escape financial responsibility by the use of a guise his alleged fraudulent acts may have produced. In the appellant's brief he asserts estoppel against the Bank. None of these arguments concerning Morrison and the Bank are embraced in either of the two points of error under which they appear, and are, therefore, not entitled to be considered as grounds for reversal. *Wagley v. Fambrough*, 163 S.W.2d 1072 (Tex.Civ.App. —Eastland 1942), aff'd, 140 Tex. 577, 169 S.W.2d 478 (1943); *Jack R. Allen & Company v. Wyler Textiles, Ltd.*, 371 S.W.2d 728 (Tex.Civ.App.—Dallas 1963, no writ). However, even if the question of availability of the defenses asserted was properly before us, we would hold that the appellant's arguments submitted are without merit.

■ The appellant cites *Stroble v. Tearl*, 148 Tex. 146, 221 S.W.2d 556 (1949), and *Coats v. Windham*, 254 S.W.2d 530 (Tex.Civ. App.—Beaumont 1953, writ ref'd n. r. e.), as support for his arguments concerning the relative positions and defenses of Morrison and the Bank. The first cited case dealt with the writing requirement for a contract to pay a real estate commission; moreover, the court there reaffirmed the licensing requirement as a condition to recovering a real estate commission. The facts in the latter case cited did not involve a real estate transaction so as to bring the suit within the provisions of the Act. The court held that the plaintiffs were not acting as real estate brokers and were not, therefore,

required to comply with the Act. Neither of these cases supports the appellant's contentions as to defenses available to Morrison. In *Harris v. Phillips*, 280 S.W. 895 (Tex.Civ.App.—Fort Worth 1925, writ dism'd), cited by appellant as support for his assertion of estoppel against the Bank, it was held that the seller of the property could not contest the validity of the legally enforceable contract on the ground that the broker misrepresented the terms of the contract. In *Harris* the seller became aware of the misrepresentation while the contract was still executory, but instead of repudiating the contract, he accepted the benefits thereof. There was no question as to whether the broker was licensed. In the instant case the plaintiff was not a licensed broker at the time of the transaction nor was he seeking recovery against a licensed broker; thus, the appellant's asserted rights are not enforceable. It is well settled that the theory of estoppel is defensive in nature and presupposes the existence of a legally enforceable right. Where liability does not otherwise exist, it cannot be created by estoppel. *Jones v. Texas Gulf Sulphur Co.*, 397 S.W.2d 304 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.); *Cotton Belt State Bank v. Roy H. Hatcheries, Inc.*, 351 S.W.2d 325 (Tex.Civ.App.—Waco 1961, no writ).

Because the appellant did not allege or show that he was a licensed broker during any of the steps leading to the closing of the transaction, and in view of our holding that this suit is one for the recovery of a real estate commission rather than for recovery of attorney's fees wrongfully paid, we overrule points 3 and 4.

Under points of error numbers 5, 6 and 7 the appellant contends that a fact issue was raised as to whether there were relationships between the appellant and Morrison and between the appellant and the Bank which gave rise to a legal duty owed by them to the appellant and as to whether that duty was breached by each of them. The appellant maintains that the cause of action against Morrison is analogous to one against a third party for interfering with a right to recover a commission.

As against the Bank the appellant urges that it failed to use reasonable care in discharging its obligation ". . . as an agent for the appellant in the collection and disbursement of proceeds . . . ;" rather, the Bank conspired with ". . . Morrison to disburse funds in payment of an unauthorized and unreasonable attorney's fee."

In *Williams v. Union Producing Co.*, 259 S.W.2d 572 (Tex.Civ.App.—Galveston 1953, writ ref'd n. r. e.), it was held:

> . . . irrespective of their pled and testified-to claim that the lessor . . . and the lessee . . . conspired to defraud appellants of their commission they claimed they had earned for the procuring of such lease between those parties thereto, their admitted failure to have real estate licenses . . . left them without the "wedding garment" necessary to recover.

The court in *Williams*, found it unnecessary to pursue the question of conspiracy that, under other circumstances, might have given rise to a cause of action. The cases cited by the appellant under these three points all deal with the failure of the parties to reduce the commission contract to writing. Those cases expressly hold that oral contracts for the payment of a real estate commission are neither void nor illegal, therefore, the unenforceability of the oral contracts was no defense to a suit for tortious interference with performance of the contracts. The facts in the instant case are distinguished in that whether the contract was reduced to writing is not questioned. Further, Section 26 of the Act describes the conduct which it prohibits, beginning: "It shall be unlawful . . . ." It is generally accepted that the regulation of those who may makes sales of real estate falls within the police power of the State. *Gregory v. Roedenbeck*, supra.

It is our opinion that the appellant's cause of action is based upon a contract providing for the payment of compensation in a manner prohibited by Tex.Rev.Civ.Stat. Ann. art. 6573a, § 26 (1967). Thus, there are no questions of material facts to be

reached or determined as to whether various other relationships may have existed between the parties upon which the appellant may seek to base his claim for recovery. Points of error numbers 5, 6 and 7 are overruled.

For the reasons stated, the judgment of the trial court is affirmed.