TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00474-CV






Paragon Scientific Corporation, Appellant



v.



Vital Systems, Inc., Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY 


NO. 231,082, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 






 Appellant Paragon Scientific Corporation ("Paragon") sued appellee Vital Systems,
Inc. ("Vital Systems") for breach of an oral contract for the sale of certain blood-derived medical
supplies. Following a bench trial, the trial court entered a take-nothing judgment against Paragon. 
Paragon now appeals on the ground that the trial court erred by failing to shift the burden of proof
to Vital Systems on its affirmative defense. We will affirm the trial court's judgment. 


FACTUAL AND PROCEDURAL BACKGROUND


 On September 29, 1995, Vital Systems (1) ordered 841 vials of Bioclate (2) from
Paragon for a total price of $130,102.70 (the "1995 sale"). After delivery, Vital Systems made
a partial payment of $78,102.70 on April 26, 1996. Then on February 14, 1996, Paragon
delivered a second shipment of 110 vials of Bioclate to Vital Systems for a total price of
$34,260.60 (the "1996 sale"). All 110 vials expired on February 14, the same day they were
shipped. Vital Systems returned all 110 vials to Paragon without payment on March 15. Paragon
sent a past due statement dated June 14 reflecting a balance due of $86,260.60, $52,000 for the
1995 sale and $34,260.60 for the 1996 sale. Paragon did not receive further payment from Vital
Systems.

 Paragon filed suit against Vital Systems on June 20, alleging Vital Systems
breached two separate contracts for the sale of goods by failing to pay the agreed upon total of
$86,260.60. On September 19, Paragon filed a motion for summary judgment and, in the
alternative, a motion for severance of the two sales. In support of its motion, Paragon attached
an affidavit from its Senior Vice President regarding the facts at issue in both the 1995 and 1996
sales. Vital Systems filed a response on October 17 and attached an affidavit from a vice
president controverting the evidence submitted by Paragon regarding the 1996 sale. On October
25, the trial court granted partial summary judgment in favor of Paragon in the amount of $52,000
plus attorneys' fees and interest on the 1995 sale and severed the claim based on the 1996 sale. 

 In a bench trial on April 4, 1997, Paragon claimed that (1) it shipped 110 vials of
Bioclate to Vital Systems pursuant to an oral contract, and (2) Vital Systems breached the contract
by returning the shipment a month later, without explanation and without paying the contract price 
of $34,260.60. Vital Systems alleged that it accepted the 110 vials that expired on the date of
shipment under a sale or return contract to hold for a certain time so that Paragon could get the
110 vials off its books. Paragon argued that Vital Systems could not establish that the shipment
was intended to be a sale or return contract because section 2.326(d) of the Texas Business &
Commerce Code ("TBCC") requires such terms to be in writing. Vital Systems responded that
the TBCC does not expressly apply to contracts involving blood-derived products. Paragon
argued that if the TBCC did not apply directly to contracts involving blood-derived products, by
analogy the statute of frauds should preclude establishing an oral sale or return contract. The trial
court entered a take-nothing judgment against Paragon concluding that (1) the 1996 sale was not
governed by the TBCC, and (2) even if the TBCC did apply, the burden of proof did not shift to
Vital Systems because Paragon failed to meet its burden of proof to establish the existence of a
contract and its breach. On appeal, Paragon raises two points of error challenging the trial court's
conclusion that the burden of proof did not shift to Vital Systems to prove its affirmative defense
and the take-nothing judgment resulting from this failure to shift the burden of proof.


DISCUSSION


 In a breach of contract case, the plaintiff bears the burden to prove the existence
of the contract, the breach thereof, and any damages resulting from the breach. City of Corpus
Christi v. Bayfront Assoc., Ltd., 814 S.W.2d 98 (Tex. App.--Corpus Christi 1991, writ denied). 
The burden of proof remains with the party asserting the breach whether the contract is written
or oral. See Johnson v. Johnson, 277 S.W.2d 247, 248-49 (Tex. Civ. App.--Amarillo 1954, writ
ref'd n.r.e.).

 The trial court found that Paragon failed to meet its burden of proof on its breach
of contract claim. Paragon does not challenge this trial court finding. Paragon challenges the trial
court's conclusion of law that under the TBCC the burden of proof never shifted to Vital Systems 
to prove its affirmative defense of a sale or return contract, a burden Paragon suggests it could
not establish under an oral contract if applying section 2.326(d) of the TBCC directly or by
analogy.

 We are dealing here with an alleged contract that is entirely oral. We are not
required to decide today whether the TBCC provisions for the sale of goods apply by analogy to
a sale or return of a blood-derived product when the underlying contract is in writing because the
terms of this sale were oral. Gulf Oil Corp. v. Rice and Agricultural Co-op, Inc., 536 S.W.2d
236, 240 (Tex. Civ. App.--Houston [1st Dist.] 1976, writ ref'd n.r.e.) (holding the statute of
frauds provision of section 2.326(d) of the TBCC does not apply to an entirely oral contract). (3) 
We hold the record supports the trial court's finding of fact that Paragon failed to meet its burden
of proof to establish the existence of an oral contract. The only evidence presented by Paragon
in support of an oral contract between Paragon and Vital Systems was (1) an internal Paragon
invoice which it did not prove that Vital Systems ever received and (2) a statement of account
which it proved that Vital Systems received some three months after the 1996 shipment had been
returned. Without sufficient proof of the existence of a contract, affirmative defenses, if any,
need not be raised and shall not be addressed by the court. Because Paragon failed to prove the
existence of an oral contract, the trial court correctly concluded that the burden never shifted to
Vital Systems to establish its affirmative defense of a sale or return contract. On this record, the
trial court did not err in entering a take-nothing judgment against Paragon. We overrule points
of error one and two. 


CONCLUSION


 After reviewing the record, we find sufficient evidence to uphold the trial court's
finding that Paragon failed to meet its burden of proof to establish the existence of an oral contract
for the 1996 sale and affirm the trial court's judgment. 



 


 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 16, 1998

Do Not Publish
1. Vital Systems provides in-home infusion therapy for its patients and dispenses medical
supplies, including blood-derived products.
2. Bioclate is a blood-derived product, or "factor," used to assist hemophiliacs with blood
coagulation. 
3. To resolve this controversy, we need not decide if the statute of frauds provision governing
sale or return contracts applies to the sale of blood-derived products because (1) the statute of
frauds does not apply to oral contracts and (2) Paragon has not proven that it had an oral contract
with Vital Systems. 



rror challenging the trial court's
conclusion that the burden of proof did not shift to Vital Systems to prove its affirmative defense
and the take-nothing judgment resulting from this failure to shift the burden of proof.


DISCUSSION


 In a breach of contract case, the plaintiff bears the burden to prove the existence
of the contract, the breach thereof, and any damages resulting from the breach. City of Corpus
Christi v. Bayfront Assoc., Ltd., 814 S.W.2d 98 (Tex. App.--Corpus Christi 1991, writ denied). 
The burden of proof remains with the party asserting the breach whether the contract is written
or oral. See Johnson v. Johnson, 277 S.W.2d 247, 248-49 (Tex. Civ. App.--Amarillo 1954, writ
ref'd n.r.e.).

 The trial court found that Paragon failed to meet its burden of proof on its breach
of contract claim. Paragon does not challenge this trial court finding. Paragon challenges the trial
court's conclusion of law that under the TBCC the burden of proof never shifted to Vital Systems 
to prove its affirmative defense of a sale or return contract, a burden Paragon suggests it could
not establish under an oral contract if applying section 2.326(d) of the TBCC directly or by
analogy.

 We are dealing here with an alleged contract that is entirely oral. We are not
required to decide today whether the TBCC provisions for the sale of goods apply by analogy to
a sale or return of a blood-derived product when the underlying contract is in writing because the
terms of this sale were oral. Gulf Oil Corp. v. Rice and Agricultural Co-op, Inc., 536 S.W.2d
236, 240 (Tex. Civ. App.--Houston [1st Dist.] 1976, writ ref'd n.r.e.) (holding the statute of
frauds provision of section 2.326(d) of the TBCC does not apply to an entirely oral contract). (3) 
We hold the record supports the trial court's finding of fact that Paragon failed to meet its burden
of proof to establish the existence of an oral contract. The only evidence presented by Paragon
in support of an oral contract between Paragon and Vital Systems was (1) an internal Paragon
invoice which it did not prove that Vital Systems ever received and (2) a statement of account
which it proved that Vital Systems received some three months after the 1996 shipment had been
returned. Without sufficient proof of the existence of a contract, affirmative defenses, if any,
need not be raised and shall not be addressed by the court. Because Paragon failed to prove the
existence of an oral contract, the trial court correctly concluded that the burden never shifted to
Vital Systems to establish its affirmative defense of a sale or return contract. On this record, the
trial court did not err in entering a take-nothing judgment against Paragon. We overrule points
of error one and two. 


CONCLUSION


 After reviewing the record, we find sufficient evidence to uphold the trial court's
finding that Paragon failed to meet its burden of proof to establish the existence of an oral contract
for the 1996 sale and affirm the trial court's judgment. 



 


 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 16, 1998

Do Not Publish
1. Vital Systems provides in-home infusion therapy for its patients and dispenses medical
supplies, including blood-derived products.
2. Bioclate is a blood-derived product, or "factor," used to assist hemophiliacs with blood
coagulation. 
3. To resolve this controversy, we need not decide if the statute of frauds provision governing
sale or return contracts applies to the sale of blood-derived products because (1) the statute of
frauds does not apply to oral