

# NUMBER 13-22-00137-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ADAM J. VILLANUEVA,                                        Appellant,

v.

LAZARUS ENERGY HOLDINGS, LLC,                              Appellee.

## On appeal from the 2nd 25th District Court
## of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Chief Justice Contreras**

Appellant Adam J. Villanueva sued appellee Lazarus Energy Holdings, LLC (Lazarus) for damages arising out of a workplace accident. The trial court granted summary judgment in favor of Lazarus and dismissed all of Villanueva's claims. On appeal, Villanueva asserts by a single issue that the court erred. We affirm.

## I. BACKGROUND

Villanueva is a truck driver who was an independent contractor for Sunline Energy Services, Inc. (Sunline). The accident at issue occurred on or about August 20, 2019, when Villanueva was dispatched to Lazarus's refinery in Nixon in order to load vacuum gas oil into his trailer, a task he had done on several prior occasions. According to Villanueva, standard procedure called for a loader-operator employed by Lazarus to load the truck by opening a dome hatch located on top of his trailer, loading the product, and then closing the hatch. On this occasion, the loader-operator opened the hatch and loaded the gas oil, but then instructed Villanueva to close the hatch. In the dark, Villanueva climbed the ladder on the driver's side of the trailer and successfully closed the hatch. However, when climbing down the ladder, he missed a step and fell to the ground, suffering injuries to his back.

Villanueva sued Lazarus for negligence on January 30, 2020, arguing that his fall and injuries were caused by "various acts and omissions" of Lazarus's employees which were taken within the course and scope of their employment. In a third amended petition filed on July 28, 2021, Villanueva specified that his claim was for negligent undertaking, and he provided the following details:

> [Villanueva] alleges that [Lazarus] undertook to render services to [Villanueva] by closing the dome hatch, which [Lazarus] should recognize as necessary for the protection of [Villanueva] and is subject to liability to [Villanueva] for physical harm resulting from its failure to exercise ordinary care to perform this undertaking. This failure to exercise such care increased the risk of harm or, the harm was suffered because of [Villanueva]'s reliance upon the undertaking.

> In the present case, [Villanueva] alleges that [Lazarus] undertook to close the dome hatch for the protection of [Villanueva] and, on August 20, 2019, [Lazarus's] failure to exercise reasonable care increased the risk of harm to [Villanueva] and the harm [Villanueva] suffered was because of his reliance upon [Lazarus's] undertaking.

Villanueva alleged that, as a result of his fall, he was diagnosed with a herniated disk for which surgery was recommended.

On October 28, 2021, Lazarus filed a motion for summary judgment arguing: (1) it owed Villanueva no duty on the day of the accident; (2) even if it did owe a duty to Villanueva, it did not breach that duty; and (3) "[t]here is no evidence that [Lazarus]'s acts or omissions caused [Villanueva]'s injuries and damages." To support its motion, Lazarus attached the following evidence: (1) excerpts from Villanueva's deposition; (2) a lease agreement between Lazarus and Sunline; (3) unsworn declarations by two employees of Lazarus at the Nixon plant; (4) a copy of Villanueva's third amended petition; and (5) an excerpt from a 2019 "Texas Commercial Motor Vehicle Drivers Handbook."

Villanueva filed a fourth amended petition on December 13, 2021, adding Sunline as a defendant and asserting additional causes of action against Lazarus for premises liability and ordinary common-law negligence. The next day, Villanueva filed a response to Lazarus's summary judgment motion. The trial court granted Lazarus's motion and rendered a take-nothing judgment in its favor on March 9, 2022.[1] This appeal followed.[2]

## II.    DISCUSSION

### A.    Summary Judgment

A summary judgment motion may be brought on traditional or no-evidence

---

[1] Villanueva's claims against Sunline were severed into a different proceeding and are not at issue in this appeal.

[2] Pursuant to this Court's request, the trial court rendered a modified judgment on February 17, 2023, clarifying that the take-nothing judgment applies to "all of the claims Villanueva alleged against [Lazarus] in this case: negligence, negligent undertaking, and premises liability." Moreover, the modified judgment explicitly states that it disposes of all claims against Lazarus and is final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001) ("[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.").

grounds. *See* TEX. R. CIV. P. 166a. A movant for traditional summary judgment has the burden to establish that no genuine issue of a material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). A movant for no-evidence summary judgment must show that, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the other party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i).

If, in response to a summary judgment motion, the non-movant produces more than a scintilla of evidence to raise a fact issue on the challenged elements, then summary judgment is improper. *Amedisys, Inc.*, 437 S.W.3d at 511; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms. Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010).

We review summary judgments de novo. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). The evidence is viewed in the light most favorable to the non-movant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). "Issues not expressly presented to the trial court by written motion, answer[,] or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c).

## B. Applicable Law

The elements of an ordinary common-law negligence claim are (1) a legal duty

4

owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) damages proximately caused by the breach. *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).

Negligent undertaking is a variety of negligence claim based on the concept that

> [o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a)     his failure to exercise such care increases the risk of such harm, or
>
> (b)     the harm is suffered because of the other's reliance upon the undertaking.

*Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000) (quoting RESTATEMENT (SECOND) OF TORTS § 323 (1965)). The "critical inquiry" concerning the duty element of such a claim is "whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist." *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam); *Osuna v. S. Pac. R.R.*, 641 S.W.2d 229, 230 (Tex. 1982) ("Having undertaken to place a flashing light at the crossing for the purpose of warning travelers, the railroad was under a duty to keep the signal in good repair, even though the signal was not legally required."). A plaintiff asserting a claim for negligent undertaking must prove that the defendant's breach proximately caused the plaintiff's injuries. *Torrington Co.*, 46 S.W.3d at 838; *Doe v. Messina*, 349 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

Premises liability is also a negligence-based claim. Generally, premises owners have "a duty to protect invitees[3] from, or warn them of, conditions posing unreasonable

---

[3] It is undisputed that Villanueva was an invitee on Lazarus's premises.

5

risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (per curiam). To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements:

> (1) the owner had actual or constructive knowledge of the condition at issue; (2) the condition was unreasonably dangerous; (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the owner's failure to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries.

*United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 n.4 (Tex. 2022) (per curiam).

Proximate cause has two components: (1) foreseeability and (2) cause-in-fact. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (per curiam); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010). For a negligent act or omission to have been a cause-in-fact of the harm, the act or omission must have been a "substantial factor" in bringing about the harm, and absent the act or omission—i.e., "but for" the act or omission—the harm would not have occurred. *Rodriguez-Escobar*, 392 S.W.3d at 113. "There may be more than one proximate cause of an event." *Del Lago Partners*, 307 S.W.3d at 774.

## C.    Analysis

The parties disagree on the proper standard of review to apply in this case. Villanueva argues that we should employ the standard applicable to traditional summary judgment motions only because Lazarus's summary judgment motion "did not discuss either the traditional or the no-evidence standard of review, nor did it specifically identify the elements of a premises-liability claim and which elements it claims lack evidence." *See Verner v. Nat'l Oilwell Varco, Inc.*, 346 S.W.3d 78, 82 (Tex. App.—El Paso 2011, pet. denied) (limiting review to traditional summary judgment grounds where motion did not

identify whether it was traditional or no-evidence, but recited traditional summary judgment standard and included evidence in support of summary judgment arguments); *Waite v. Woodard, Hall & Primm, P.C.*, 137 S.W.3d 277, 281 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (noting that a summary judgment motion "must give fair notice to the non-movant of the basis on which the summary judgment is sought"). For purposes of this opinion, we assume but do not decide that only traditional summary judgment grounds were properly raised by Lazarus's motion. *See Richard v. Reynolds Metal Co.*, 108 S.W.3d 908, 911 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) ("When it is not readily apparent to the trial court that summary judgment is sought under [R]ule 166(a)(i), the court should presume that it is filed under the traditional summary judgment rule and analyze it according to those well-recognized standards.").

Villanueva next contends that summary judgment was improper on his premises liability and ordinary negligence claims because, having been first raised only after Lazarus's summary judgment motion was filed, those claims were not explicitly addressed in the motion.

"Granting a summary judgment on a claim not addressed in the summary judgment motion . . . is, as a general rule, reversible error." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) (citing *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (per curiam)); *see* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). But as noted by the Texas Supreme Court, courts recognize an exception to this general rule which applies when "the defendant has conclusively disproved an ultimate fact or element which is common to all

7

causes of action alleged." *G & H Towing Co.*, 347 S.W.3d at 297 (first citing *Zarzosa v. Flynn*, 266 S.W.3d 614, 621 (Tex. App.—El Paso 2008, no pet.); then citing *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 437–38 (Tex. App.—Texarkana 1999, pet. denied); then citing *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 754–55 (Tex. App.—San Antonio 1998, no pet.); and then citing *Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex. App.—Dallas 1989, writ denied)). For the exception to apply, there must be "a very tight fit between what was proved or disproved in the motion and what elements the unaddressed claim, as it was alleged, required[;] otherwise, the exception could swallow the rule." *Id.* (citing *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.)). Reframing the issue as one of harmless error, the *G & H Towing* Court held that "[a]lthough a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, . . . the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Id.* at 297–98 (applying TEX. R. APP. P. 44.1(a)); *see AEP Tex. Cent. Co. v. Arredondo*, 612 S.W.3d 289, 298–99 (Tex. 2020) (concluding that, even though defendant's summary judgment motion did not address negligence per se claim, summary judgment on that claim was proper because the motion asserted there was no evidence of duty or breach with respect to ordinary negligence claim).

Here, Lazarus's summary judgment motion alleged in part that it owed Villanueva no duty, that it did not breach any duty, and that "[t]here is no evidence that [its] acts or omissions caused [Villanueva]'s injuries and damages." Although the motion specifically addressed these elements only in the context of Villanueva's negligent undertaking claim—the only claim pending at the time the motion was filed—these elements are

8

essential to all of the torts alleged against Lazarus in Villanueva's fourth amended petition. *See United Supermarkets*, 646 S.W.3d at 802 n.4 (premises liability); *D. Hous., Inc.*, 92 S.W.3d at 454 (ordinary negligence); *Doe*, 349 S.W.3d at 800 (negligent undertaking). We therefore conclude that Lazarus's summary judgment motion, to the extent it challenged elements of the later-filed claims, applied to all of those claims. *See AEP Tex. Cent. Co.*, 612 S.W.3d at 298–99; *G & H Towing Co.*, 347 S.W.3d at 297. We proceed to consider the merits of the motion.

Under the traditional summary judgment standard of review, Lazarus had the initial burden to establish its entitlement to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). In the excerpt of Villanueva's deposition attached to the summary judgment motion, Villanueva acknowledged that his "missing a step" while climbing down the ladder—and "nothing else"—was what caused him to fall. Villanueva stated that, in the past, Lazarus employees used a catwalk to access the area over the tanker in order to close the hatch. He testified that, when instructing Villanueva to close the hatch himself on August 20, 2019, the Lazarus loader-operator did not tell him that he could or could not use the catwalk to close the hatch, but rather just said "you got a ladder" and "walked off." Villanueva conceded that he did not ask to use the catwalk and did not "consider any other way . . . to close the hatch other than climbing the ladder."

In his response to the summary judgment motion, Villanueva contended that Lazarus knew that using the catwalk to close the hatch was safer than using a ladder, because it required its own employees to use the catwalk for that purpose. He further suggested that there was conflicting evidence about whether he would have been allowed to use the catwalk had he asked to do so. But to the extent Villanueva's response

addressed the proximate causation element, it focused entirely on whether Lazarus's acts or omissions were a "but-for" cause of his injuries. For example, Villanueva noted that there would have been no need for him to climb the ladder if Lazarus did not abruptly change its policy regarding drivers closing their own hatches. He also noted that he would not have been injured if Lazarus had instructed him to use the catwalk, as it did for its own employees. But Villanueva's response did not address whether Lazarus's directing him to close the hatch was a "substantial factor" in bringing about his injuries, nor did it address whether Villanueva's injuries were a foreseeable result of Lazarus's actions. *See Rodriguez-Escobar*, 392 S.W.3d at 113; *see also* TEX. R. CIV. P. 166a(c).

"If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). In some cases, "the conduct of the defendant may be too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004).

> The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

*Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991) (quoting RESTATEMENT (SECOND) OF TORTS § 431 (1965)).

Here, although climbing a ladder may generally be described as a moderately risky activity, there is no suggestion or evidence that the particular ladder on Villanueva's trailer

10

was defective or unusually dangerous, nor was there any indication that Lazarus owned or had any control over the ladder. And despite the fact that Lazarus required its own employees to use the catwalk to close the hatch, we cannot say that Lazarus should have reasonably foreseen that a driver would suffer injuries as a result of climbing down a ladder after closing the hatch. Lazarus's actions may or may not have made it necessary for Villanueva to use the ladder, but in any event, Lazarus did not do anything to cause him to miss a step on the ladder. Indeed, the evidence established that Villanueva had already successfully completed closing the hatch, as directed by Lazarus, at the time he fell.

Under these circumstances, we conclude that Lazarus's instructions to Villanueva to close the hatch himself did nothing more than furnish the conditions which made his injuries possible. *See W. Invs., Inc.*, 162 S.W.3d at 551; *Lear Siegler*, 819 S.W.2d at 472. Accordingly, Lazarus established its entitlement to judgment as a matter of law on all claims which require a showing of proximate causation. *See* TEX. R. CIV. P. 166a(c); *G & H Towing Co.*, 347 S.W.3d at 297. Because Villanueva did not produce evidence creating a fact issue on the element of proximate cause, the trial court did not err in granting traditional summary judgment on all of Villanueva's claims. *See* TEX. R. CIV. P. 166a(c).[4] We overrule his issue on appeal.

---

[4] In light of our conclusion, we need not address whether a fact issue was raised on the duty or breach elements of Villanueva's claims. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
30th day of March, 2023.